UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **TRACY EVELYN WATTS BENNETT** ] | | |
|     **Petitioner,** ] | | |
| ] | | |
| **v.** ] | **No. 3:13-0991** | |
| ] | **Judge Trauger** | |
| **BILL HOLT** ] | | |
|     **Respondent.** ] | | |

# O R D E R

On August 26, 2013, the petitioner initiated the instant action with the filing of a *pro se* Petition (Docket Entry No. 1) for writ of habeas corpus.

According to the Petition, the petitioner has been wrongly denied credit for time served while she was in a Community Corrections program. Because the nature of petitioner's claim suggests an attack upon the execution of her sentence rather than its imposition, the Court has construed this action as one arising under 28 U.S.C. § 2241. Docket Entry No. 3 at pg. 1, fn. 1; United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991).

By an order (Docket Entry No. 8) entered September 25, 2013, the respondent was directed to file an answer, plead or otherwise respond to the Petition. Presently before the Court is respondent's Motion to Dismiss (Docket Entry No. 16) the Petition. The basis for this Motion is respondent's contention that the Petition is untimely.

There is, however, no statutory limitation period applicable to a prisoner filing a petition under 28 U.S.C. § 2241. Wooten v. Cauley, 677 F.3d 303, 306 (6th Cir. 2012). As a result, the respondent's Motion to Dismiss does not appear to have merit. For that reason, the Motion to

Dismiss is hereby DENIED.[1]

The respondent shall, within thirty (30) days from the date of entry of this order on the docket, submit a responsive pleading addressing the merits of the petitioner's application for habeas corpus relief.

It is so ORDERED.

Aleta A. Trauger  
United States District Judge

---

[1] The respondent seems to rely, at least in part, upon the opinion in Williams v. Birkett, 670 F.3d 729, 731 (6th Cir. 2012) as support for his assertion that the Petition is untimely. Docket Entry No. 17 at pg. 3. Williams is a § 2254 case holding that the petitioner's second state-court motion for post-conviction relief was not properly filed so as to statutorily toll the running of the § 2254 limitation period. The Williams holding has no application to a Petition being brought pursuant to § 2241.