UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


TRACY EVELYN WATTS BENNETT ]
    Petitioner, ]
 ]
v. ] No. 3:13-0991
 ] Judge Trauger
BILL HOLT ]
    Respondent. ]


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is a parolee living in Cookeville, Tennessee.[1] Docket Entry No.24. She brings this action pursuant to 28 U.S.C. § 2241 against Bill Holt, Sheriff of Robertson County, seeking a writ of habeas corpus.

### I. Background

In November, 2006, the petitioner pled guilty in Putnam County to (1) the sale of cocaine over 0.5 grams, and (2) the sale of cocaine under 0.5 grams. For these crimes, she received concurrent sentences of ten years and five years, respectively, to be served on probation in a Community Corrections Program. Docket Entry No. 17-1.

While in the Community Corrections Program, the petitioner tested positive for cocaine, leading to the revocation of her probation. She was sentenced to another year of "split confinement". Docket Entry No. 21-1 at pg. 9.

---

[1] A parolee is considered to be in custody for purposes of habeas corpus. Rosales-Garcia v. Holland, 322 F.3d 386, 394-95 (6th Cir.2003)(*en banc*).

1

Upon petitioner's return to the Community Corrections Program, she again violated the terms of her probation. *Id.* at pg. 11. The petitioner received another sentence of one year of split confinement. *Id.* at pg. 14.

On August 21, 2009, the petitioner was charged with assault and the theft of property. *Id.* at pg. 15. Her probation was revoked for a third time and she was sent to jail "to serve the original sentence imposed", with credit given for the time served during various stints in the county jail. The petitioner, however, was not given credit for any time served while she was participating in the Community Corrections Program. *Id.* at pg. 19.

## II. Procedural History

On August 26, 2013, the petitioner initiated the instant action with the filing of a habeas corpus petition (Docket Entry No. 1). In the petition, the petitioner alleges that she has been "illegally restrained of her liberty" because the state trial court failed to credit her with time served while she was a participant in the Community Corrections Program.

Upon its receipt, the Court examined the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 8) was entered directing the respondent to file an answer, plead or otherwise respond to the petition.

The respondent answered by filing a Motion to Dismiss (Docket Entry No. 16), asserting that the instant action is untimely. The Court determined that there was no limitation period applicable to a petition filed pursuant to 28 U.S.C. § 2241 and denied the Motion. The respondent was directed to submit a responsive pleading addressing the merits of the petition. Docket Entry No. 18.

Presently pending before the Court is the respondent's Answer (Docket Entry No. 22) to the petition, to which the petitioner has offered no reply.

Having carefully considered the petition, respondent's Answer, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require.

### III. Analysis of the Claim

A § 2241 petition for federal habeas corpus relief will not be considered unless the petitioner first exhausts all available state court remedies for the claim presented in her petition. Hamm v. Saffle, 300 F.3d 1213, 1216 (6th Cir.2002). Once petitioner's federal claim has been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claim. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[2]

The petitioner bears the burden of proving that she has exhausted those remedies. Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994). The order revoking the petitioner's probation and denying her credit for time served in the Community Corrections Program was entered on March 19, 2010. Docket Entry No. 21-1 at pg. 19. She did not appeal that order.

More than three years later, on May 13, 2013, the petitioner filed a Motion in the Criminal Court of Putnam County seeking relief in the form of credit for time served while in the Community Corrections Program. *Id.* at pg. 20. Two days later, the Motion was denied. *Id.* at pg. 24. The denial was not challenged on appeal. Therefore, as of yet, the petitioner's claim has never been offered to the Tennessee appellate courts for review.

---

[2] In Tennessee, a petitioner need only take her claim to the Tennessee Court of Criminal Appeals in order to fully exhaust her available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

Unfortunately, at this late date, the petitioner is no longer able to raise her claim as a federal issue in state court. *See* Rule 4(a), Tenn. R. App. P. Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to her claim. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

The petitioner's pleadings offer nothing to suggest cause for the failure to exhaust her credit for time served claim as a question of federal law in the state courts in a timely manner. Consequently, the petitioner's failure to exhaust her claim in the state courts prevents her from obtaining federal habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge